UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOLLY WILKINS, ET AL. | * | CIVIL ACTION NO. 24-51 |
| | * | |
| VERSUS | * | SECTION: "T"(1) |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * | JUDGE GREG G. GUIDRY |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

************************************ *

ORDER AND REASONS

Before the Court is the plaintiffs' Motion for Leave to File First Amended Complaint. (Rec. Doc. 20). For the following reasons, the Motion is GRANTED. Plaintiffs' First Amended Complaint shall be filed into the record.

Background

This lawsuit concerns damage to a home in LaPlace, Louisiana caused by Hurricane Ida, which made landfall on August 29, 2021. The home was insured by a State Farm Fire and Casualty Company policy at the time. However, it appears that the policy (effective June 2021 through July 2022) was in the name of Lucinda Wilkins. Lucinda passed away in October 2020. Her daughters—Holly Wilkins and Ethel Stemley—are the plaintiffs in this lawsuit, which they filed on behalf of the estate of their mother. They are not named insureds.

State Farm has filed a motion to dismiss the case arguing that the plaintiffs have no cause of action under the policy because they are not named insureds and have not alleged that they are the current legal representatives of Lucinda. Plaintiffs oppose the motion to dismiss and have also filed the present Motion for Leave to File First Amended Complaint. They wish to add allegations explaining that they are their mother's sole children and that she died intestate. They also seek to allege that the Estate of Wilkins has yet to be executed and the succession has not been opened.

They wish to allege that with Ethel's consent, Holly continued the existing homeowner's insurance policy after Lucinda's death. They further wish to allege that State Farm was aware that Lucinda passed away, evidenced by the sending of condolences, and that State Farm never indicated it would not renew the policy. Plaintiffs then obtained the policy at issue here.

State Farm argues that leave to amend should be denied. It submits that plaintiffs should not be allowed to amend their claims in response to its motion to dismiss. It argues further that plaintiffs' amendment is futile. It argues that the plaintiffs are not insured and that the policy provides that if the named insured dies, State Farm insures the legal representatives of the deceased. But, it insists, Ethel and Holly are not legal representatives.

Plaintiffs respond that the policy provides that the "insured" includes the person having proper temporary custody of the property until appointment and qualification of a legal representative. As a result, they insist they have a contractual right to seek damages from State Farm. They argue that, at a minimum, their allegations provide a reasonable expectation that discovery will reveal evidence as to plaintiffs' capacity and standing.

Law and Analysis

1. *Standard for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v.

Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

2. *Analysis*

The Court finds granting leave to amend is in the interests of justice. No scheduling order has yet been issued and no deadline to amend pleadings has been set. There is no evidence that plaintiffs are acting in bad faith or with undue delay or dilatory motive. Plaintiffs have never previously sought to amend their complaint. Plaintiffs' new allegations regarding their legal status and relationship with regard to the property and the insurance policy at issue may cure the deficiencies raised by the Motion to Dismiss. Under the circumstances here, the Court finds that the possibility that the new allegations fail to do so does not render the proposed pleading futile. At this stage, plaintiffs must be allowed the opportunity to put forth their best claim. This does not preclude State Farm from filing a renewed Motion to Dismiss.

State Farm argues that amendments in response to motions to dismiss are disfavored. To the contrary, motions for leave to amend are regularly granted when filed in response to a motion to dismiss where the standard of Rule 15 has been met. E.g., Tesla, Inc. v. Louisiana Auto. Dealers Ass'n, No. CV 22-2982, 2023 WL 9059650, at *8 (E.D. La. Jan. 11, 2023); Batiste v. Lewis, No. CV 17-04435, 2018 WL 10790890, at *4 (E.D. La. Jan. 19, 2018); Gonzalez v. Cnty., No. 5:22-CV-116, 2023 WL 9280528, at *4 (S.D. Tex. Nov. 6, 2023). The cases cited by State Farm are distinguishable. In Boudreaux v. Deutz Corp., the court denied leave to amend where the plaintiff

sought to file a second amended complaint that withdrew his Louisiana Products Liability Act claims in response to the defendant's motion to dismiss the entire complaint. No. CV 09-6759, 2010 WL 11538494, at *2 (E.D. La. Feb. 5, 2010). Defendants argued that the amended pleading did not raise any new claims and, in fact, supported its argument that the complaint should be dismissed. Id. The court found that the plaintiff had no good faith reason to seek to withdraw the products liability claims and that allowing the amendment would allow plaintiff to escape the pending dispositive motion and avoid a "with prejudice" dismissal of his products liability claim. Id. The present case is entirely dissimilar. Plaintiffs here seek to add further factual allegations to address some of the arguments raised in the Motion to Dismiss: they do not seek to carve out a claim to avoid a with prejudice dismissal. The Overseas Inns S.A. PA. v. United States case is also distinguishable. In that case, plaintiff sought leave to amend two and a half years after litigation commenced where there had also been extensive prelawsuit proceedings and where the defendant had already filed a motion for summary judgment. 911 F.2d 1146, 1151 (5th Cir. 1990). In contrast here, extensive discovery has not been conducted and no motion for summary judgment has been filed.

## Conclusion

There is no substantial reason to deny leave to amend and the Court finds it in the interest of justice to grant leave to amend. Accordingly, plaintiffs' Motion for Leave to File First Amended Complaint (Rec. Doc. 20) is GRANTED. Plaintiffs' First Amended Complaint shall be filed into the record.

New Orleans, Louisiana, this 23rd day of July, 2024.

                                               _____
                                                           Janis van Meerveld
                                                    United States Magistrate Judge