UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOLLY WILKINS, ET AL. | * | CIVIL ACTION NO. 24-51 |
| | * | |
| VERSUS | * | SECTION: "T"(1) |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * | JUDGE GREG G. GUIDRY |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the plaintiffs' Motion for Leave to File Second Amended Complaint. (Rec. Doc. 31). For the following reasons, the Motion is GRANTED; plaintiffs' Second Amended Complaint shall be entered into the record.

Background

This lawsuit concerns damage to a home in LaPlace, Louisiana caused by Hurricane Ida, which made landfall on August 29, 2021. The home was insured by a State Farm Fire and Casualty Company policy at the time. However, it appears that the policy (effective June 2021 through July 2022) was in the name of Lucinda Wilkins. Lucinda passed away in October 2020. Her daughters—Holly Wilkins and Ethel Stemley—are the plaintiffs in this lawsuit, which they filed on behalf of the estate of their mother. They are not named insureds.

State Farm filed a motion to dismiss the original Complaint arguing that plaintiffs have no cause of action because they are not named insureds, additional insureds, or third-party beneficiaries of the policy. Plaintiffs sought leave to amend and add allegations explaining that they are their mother's sole children, that she died intestate, and that the Estate of Wilkins has yet to be executed and the succession has not been opened. They also added the allegations that with Ethel's consent, Holly continued the existing homeowner's insurance policy after Lucinda's death,

1

and that State Farm was aware that Lucinda passed away, evidenced by the sending of condolences, but that it never indicated it would not renew the policy. Plaintiffs then obtained the policy at issue here. The Court granted plaintiffs leave to amend.

State Farm then filed a Motion to Dismiss plaintiffs' First Amended Complaint. Plaintiffs oppose the motion and again seek leave to amend. They claim the amended pleading will render State Farm's motion moot. The proposed amendment will add three statements to paragraph 6 (additions italicized):

> State Farm was aware Lucinda Wilkens passed away on October 15, 2020, and sent condolences on October 16, 2020. *On April 21, 2021, Defendant sent the local agent a letter requiring a response regarding a Deceased Indicator which was required to permit the homeowner's policy to remain in effect.* Defendant never provided notice or intent of nonrenewal. Subsequently, Plaintiffs obtained a Homeowners insurance policy for wind and hail and other losses from Defendant with the Policy No. 185926492 *with a Deceased Indicator present* (hereinafter referred to as the "Policy"). *On May 3, 2022, Defendant notified plaintiffs the policy would not be renewed after June 7, 2022.*

State Farm argues the motion should be denied because it may undermine State Farm's ability to prevail on its Motion to Dismiss and because the amendment would be futile.

Law and Analysis

1. *Standard for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v.

Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

2. *Analysis*

The Court finds granting leave to amend is in the interests of justice. Plaintiffs did not receive information about the inclusion of a Deceased Indicator in State Farm's file until after they filed their First Amended Complaint. This adequately explains their failure to include these allegations in their previous amendment. The Court finds no bad faith, undue delay, or dilatory motive. The Court does have some concerns about plaintiffs' repeated efforts to amend their complaint in response to State Farm's motions to dismiss on standing grounds. Nonetheless, the Court finds that plaintiffs should be allowed to set forth their best claim before the Court determines whether they have standing to proceed. The merits of State Farm's futility arguments are better addressed on a renewed motion to dismiss. The Court cautions plaintiffs, however, that absent the discovery of new facts that could not have previously been alleged, additional pleading amendments in response to State Farm's renewed motion to dismiss will not be considered.

## Conclusion

The Court finds it in the interest of justice to grant leave to amend. Accordingly, plaintiffs' Motion for Leave to File Second Amended Complaint (Rec. Doc. 31) is GRANTED. Plaintiffs' Second Amended Complaint shall be filed into the record.

New Orleans, Louisiana, this 27th day of December, 2024.

                                        Janis van Meerveld
                               United States Magistrate Judge